1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

JAMES SMITH, a.k.a. T.A. RASHEED,     )     No. C 13-3259 LHK (PR)
                                      )
12           Plaintiff,               )     ORDER DISMISSING CASE
                                      )     WITH LEAVE TO AMEND
13     vs.                            )
                                      )
14   WARDEN GROUNDS, BRENDA           )
     NATION, and IRS,                 )
15                                    )
             Defendants.              )
16   _____)

17          Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint

18   pursuant to 42 U.S.C. § 1983.  Plaintiff is granted leave to proceed in forma pauperis in a

19   separate order.  For the reasons stated below, the court dismisses the complaint with leave to

20   amend.

21                                   **DISCUSSION**

22   A.     Standard of Review

23          A federal court must conduct a preliminary screening in any case in which a prisoner

24   seeks redress from a governmental entity or officer or employee of a governmental entity.  See

25   28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

26   any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

27   seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),

28   (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police*

1    *Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

2         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4    the alleged deprivation was committed by a person acting under the color of state law. *West v.*

5    *Atkins*, 487 U.S. 42, 48 (1988).

6    B.    Plaintiff's Claims

7         Plaintiff's claims that the prison, Supervisor of Trust Brenda Nation, and the Internal

8    Revenue Service ("IRS") are either stealing or giving away plaintiff's money.

9         However, the complaint has several deficiencies that call for an amended complaint to be

10   filed.  First, ordinarily, due process of law requires notice and an opportunity for some kind of

11   hearing prior to the deprivation of a significant property interest.  *See Memphis Light, Gas &*

12   *Water Div. v. Craft*, 436 U.S. 1, 19 (1978).  However, neither the negligent nor intentional

13   deprivation of property states a due process claim under Section 1983 if the deprivation was

14   random and unauthorized, however.  *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state

15   employee negligently lost prisoner's hobby kit), overruled in part on other grounds, *Daniels v.*

16   *Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional

17   destruction of inmate's property).  The availability of an adequate state post-deprivation remedy,

18   e.g., a state tort action, precludes relief because it provides sufficient procedural due process.

19   *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore

20   provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing

21   or common law tort remedy for erroneous deprivation satisfies due process).  California law

22   provides such an adequate post-deprivation remedy.  *See Barnett v. Centoni*, 31 F.3d 813,

23   816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Thus, to the extent plaintiff's

24   complaint raises a claim of an unauthorized deprivation of his money, it is DISMISSED with

25   prejudice and without leave to amend.

26        However, it is unclear whether plaintiff alleges that the deprivation of his money was

27   pursuant to some established state procedure.  *Parratt* does not apply where the state has

28   procedures designed to control the actions of state officials and the officials act pursuant to those

procedures. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 738 (9th Cir. 2001).  In those

instances, the Fourteenth Amendment requires "'an opportunity . . . granted at a meaningful time

and in a meaningful manner,'. . . for a hearing appropriate to the nature of the case." *See Logan

v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982).  Due process is violated where a

deprivation is predictable and pre-deprivation process possible, but state officials, acting under

apparent authority of state procedures, provide no pre-deprivation procedure and are specifically

charged with the authority to effect the disputed deprivation.  *See Zimmerman*, 255 F.3d at 739.

Here, plaintiff has not alleged any facts suggesting that the deprivation was authorized.  For the

deprivation to be authorized, the money would have to have been withdrawn from plaintiff's

account pursuant to an official policy, for example.  Although plaintiff may not be able to cure

this pleading defect, the complaint is DISMISSED with leave to amend if plaintiff can do so in

good faith.

        In addition, a complaint should be dismissed if it does not proffer "enough facts to state a

claim for relief that is plausible on its face."  *Id.* at 570.  If plaintiff files an amended complaint,

plaintiff should specifically state what happened, when it happened, what each defendant did,

and how those actions or inactions rise to the level of a federal constitutional violation.  A

defendant cannot be held liable simply based on his membership in a group; rather, each

individual defendant's participation in unlawful conduct must be shown.  *Chuman v. Wright*, 76

F.3d 292, 294-95 (9th Cir. 1996) (holding jury instruction permitting jury to find individual

liable as member of team, without any showing of individual wrongdoing, is improper).  Should

plaintiff choose to amend his claim, plaintiff must provide a brief and clear statement with regard

to the claim, listing each defendant's actions regarding that claim.

        Plaintiff also sues the IRS.  He claims that the IRS has overcharged him in taxes.  This

would present a colorable claim for relief under *Bivens v. Six Unknown Named Agents of the

Federal Bureau of Narcotics*, 403 U.S. 388 (1971), if such a claim were available against IRS

officials.  However, the Ninth Circuit ruled that "[b]ecause the Internal Revenue Code gives

taxpayers meaningful protections against government transgressions in tax assessment and

collection, we hold that *Bivens* relief is unavailable for plaintiffs' suit against IRS auditors and

officials." *Adams v. Johnson*, 355 F.3d 1179, 1186 (9th Cir. 2004).  In *Adams*, the Court of

Appeals held that the taxpayer plaintiffs "may not pursue a *Bivens* action with complaints about

the IRS's audits, assessments, and collection of partnership taxes and the obligations of

partners." 355 F.3d at 1188.  Moreover, the plaintiff has alternative remedies under the Federal

Tort Claims Act ("FTCA") (28 U.S.C. § 1346(a)) and the Internal Revenue Code (26 U.S.C. §

7433).  Under *Adams*, Section 7433(a) provides the more important remedy of civil damages for

unauthorized collection actions.[1]  *See Adams*, 355 F.3d at 1187.  As the Internal Revenue Code

provides specific and exclusive relief for taxpayers' benefit, plaintiff's *Bivens* claim against the

IRS is barred under *Adams*.  This claim is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1.     Plaintiff's claim against the IRS is DISMISSED with prejudice.  Plaintiff's claim

regarding the unauthorized or intentional deprivation of his money is DISMISSED with

prejudice.  To the extent plaintiff is claiming that his due process right was violated because of

the authorized deprivation of his money, that claim is DISMISSED with leave to amend.

2.     If plaintiff can cure the pleading deficiencies described above, he shall file an

AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended

complaint must include the caption and civil case number used in this order (C 13-3259 LHK

(PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must

indicate which specific, named defendant(s) was involved in each cause of action, what each

defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.

Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff files an

amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that

---

[1] Section 7433(a) states:  If, in connection with any collection of Federal tax with respect
to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or
intentionally, or by reason of negligence disregards any provision of this title, or any regulation
promulgated under this title, such taxpayer may bring a civil action for damages against the
United States in a district court of the United States. Except as provided in section 7432 [for
failure to release lien], such civil action shall be the exclusive remedy for recovering damages
resulting from such actions.

1    demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an**

2    **amended complaint within thirty days and in accordance with this order will result in a**

3    **finding that further leave to amend would be futile, and this action will be dismissed.**

4         3.      Plaintiff is advised that an amended complaint supersedes the original complaint.

5    "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

6    in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

7    Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*

8    *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

9         4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

10   court informed of any change of address by filing a separate paper with the Clerk headed "Notice

11   of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

12   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

13   of Civil Procedure 41(b).

14        IT IS SO ORDERED.

15   DATED:  ___11/20/13___                          _Lucy H. Koh_____

16                                                   LUCY H. KOH
                                                     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28