IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SMITH, a.k.a. T.A. RASHEED, ) | No. C 13-3259 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER DISMISSING CASE |
| ) | WITH LEAVE TO AMEND |
| vs. ) | |
| ) | |
| WARDEN GROUNDS, BRENDA ) | |
| NATION, and IRS, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 25, 2013, the court dismissed plaintiff's complaint with leave to amend. On January 6, 2014, plaintiff filed an amended complaint.[1] For the reasons stated below, the court dismisses the amended complaint with leave to amend.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

---

[1] Plaintiff's motion to amend is GRANTED. Plaintiff's request for an extension of time to conduct further research is DENIED as unnecessary.

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.13\Smith259dwla2.wpd

seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claims

In plaintiff's original complaint, plaintiff sued Brenda Nation, the Supervisor of Trust, and the Internal Revenue Service ("IRS"), alleging that they were either stealing or giving away plaintiff's money. The court dismissed the complaint, and informed plaintiff that negligent or intentional deprivation of property did not state a due process claim. However, the court could not determine whether plaintiff was alleging that the deprivation of property was due to some established state procedure, in which case, it could state a due process claim. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 738 (9th Cir. 2001). In those instances, the Fourteenth Amendment requires "'an opportunity . . . granted at a meaningful time and in a meaningful manner,' . . . for a hearing appropriate to the nature of the case." *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982). Thus, the court dismissed this claim with leave to amend if plaintiff was in fact alleging that the deprivation occurred pursuant to an authorized state procedure. The court then dismissed the IRS because plaintiff failed to state a claim against it. Finally, the court advised plaintiff that, if he filed an amended complaint, he must provide enough facts to state a claim for relief that is plausible on its face. The court advised plaintiff that plaintiff should specifically state what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation.

Plaintiff's amended complaint did not cure the above deficiencies, and in fact, created even more confusion than before. In plaintiff's amended complaint, plaintiff raises ten claims. First, plaintiff claims that he was incarcerated under the name "Tahee Rasheed," and plaintiff signed a money transaction form under the name Tahee Abdullah Rasheed. Plaintiff asserts that

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.13\Smith259dwla2.wpd      2

he is being denied the use of his Muslim name and any money transactions although defendants are maintaining two trust accounts under plaintiff's prisoner number. Again, the court cannot determine whether this prohibition against plaintiff obtaining his own money is pursuant to an authorized state procedure, or whether it is a negligent or intentional, yet unauthorized, deprivation.

The remaining nine claims are vague and conclusory accusations that fail to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ P. 8. "[A] plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see, e.g.*, *AE v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Starr* standard to pleading policy or custom for claims against local government entities); *see also McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Here, plaintiff's remaining claims range from alleging false imprisonment and mismanagement of funds, to arguing that the classification committee improperly limits plaintiff's movements and privileges. However, plaintiff does not provide enough facts to raise his allegations above the speculative level. Moreover, to the extent plaintiff is challenging aspects of a criminal conviction or the legality of his detention, plaintiff must bring those claims in a federal petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254; such claims are not cognizable in this federal civil rights action.

1  Finally, the amended complaint includes several claims that do not appear to be properly
2  joined. If plaintiff files a second amended complaint, plaintiff may only allege claims that (a)
3  arise out of the same transaction, occurrence, or series of transactions or occurrences and (b)
4  present questions of law or fact common to all defendants named therein. The bottom line is that
5  plaintiff cannot complain in his amended complaint about unrelated incidents during his
6  imprisonment. For example, plaintiff's claim about the mismanagement of money does not
7  appear to be properly joined with his allegation against the classification committee. Plaintiff
8  must choose what claims he wants to pursue that meet the joinder requirements; if he asserts
9  improperly joined claims in his second amended complaint, they will be dismissed.

Plaintiff will be granted dismissal with leave to amend one last time to allege specifics. In his second amended complaint, he must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633. Sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Id.* at 634.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's amended complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-3259 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges

1  was violated.  **Plaintiff may not incorporate material from the prior complaint by reference.**
2  If plaintiff files a second amended complaint, he must allege, in good faith, facts - not merely
3  conclusions of law - that demonstrate that he is entitled to relief under the applicable federal
4  statutes.  **Failure to file a second amended complaint within thirty days and in accordance**
5  **with this order will result in a finding that further leave to amend would be futile, and this**
6  **action will be dismissed.**

7       3.     Plaintiff is advised that an amended complaint supersedes the original complaint.
8  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
9  in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
10 Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*
11 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

12      4.     It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
13 court informed of any change of address by filing a separate paper with the Clerk headed "Notice
14 of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
15 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
16 of Civil Procedure 41(b).

17     IT IS SO ORDERED.
18 DATED: 4/8/14

                        *Lucy H. Koh*
19                         LUCY H. KOH
                        United States District Judge