UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SMITH a.k.a. T.A. RASHEED,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN GROUNDS, BRENDA NATION, and IRS,<br><br>Defendants. | Case No. 13-cv-3259 VC (PR)<br><br>**ORDER OF DISMISSAL** |

James Smith a.k.a. T.A. Rasheed, a California state prisoner incarcerated at Salinas Valley State Prison proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 25, 2013, the Court dismissed Smith's complaint with leave to amend and, on April 9, 2014, the Court dismissed his First Amended Complaint ("FAC") with leave to amend. On April 9, 2014, Smith filed an amended complaint against the prison's Classification Committee[1] and other defendants. Doc. no. 17. On April 16, 2014, Smith filed another amended complaint against "members" of the "National Labor Relations Act." For the reasons discussed below, the Court dismisses all claims in both amended complaints.

**DISCUSSION**

**I.     Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any that: (1) are

---

[1] A prison's classification committee is tasked with such duties as: informing inmates about their housing assignments, due process rights, appeal rights and answering inmates' procedural questions. *See Redmond v. Rodriguez*, 2011 WL 3684731, *4 (E.D. Cal. Aug. 23, 2011).

frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

**II.    Background**

In his original complaint, Smith sued Brenda Nation, the Supervisor of Trust and the Internal Revenue Service ("IRS"), alleging that they were stealing or giving away his money. The Court dismissed with leave to amend because the complaint: (1) alleged only negligent or intentional deprivation of property, which did not state a due process claim; (2) failed to state a claim against the IRS; and (3) failed to allege specific facts indicating the conduct of each defendant that violated Smith's constitutional rights. *See* Doc. no. 16 at 2, Order Dismissing Case with Leave to Amend.

Smith filed an FAC in which he raised ten claims, nine of which were "vague and conclusory accusations" that failed to state "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 3. The Court noted that Smith's claims "range from alleging false imprisonment and mismanagement of funds, to arguing that the classification

1  committee improperly limits plaintiff's movements and privileges.  However, plaintiff does not
2  provide enough facts to raise the allegations above the speculative level." *Id.* The Court also
3  noted that Smith included several claims that were improperly joined and that he could not assert
4  claims about unrelated incidents in an amended complaint. *Id.* at 4.  The Court granted Plaintiff
5  one more opportunity to cure the noted deficiencies by filing a Second Amended Complaint.

**III. Smith's Amended Complaints**

Following the Court's April 9, 2014 Order, Smith filed two amended complaints in this case.  It is apparent that Smith misunderstood the Court's directions to file his unrelated claims in a separate complaint in a new case.  In any event, because it is clear that neither amended complaint states cognizable claims, the Court addresses them in this Order and dismisses them without leave to amend.

**A. Second Amended Complaint No. 1, Docket no. 17**

**1. First Claim**

This complaint alleges that, when Smith arrived at the prison, he requested the Classification Committee, the warden and the supervisor of records to look into the fact that the Director of the Department of Corrections and Rehabilitation and T. Flores[2] used the wrong method to compute Smith's release date and that he has been incarcerated five years beyond his release date.  Smith alleges that he has filed 602 appeals and habeas petitions in an attempt to resolve this issue, but with no results in his favor.

This claim must be dismissed.  Smith may not assert any section 1983 claim that would call into question the validity of his conviction as long as the conviction remains in place.  The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful.  *Id.* at 486-87.  A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside

---

[2] Smith does not indicate T. Flores' job title or how this person was responsible for computing Smith's release date.

when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that – even if it does not directly challenge the conviction or other decision – would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). If success in the section 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the section 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

### 2. Second Claim

The complaint also alleges that the supervisor of the prison's trust office is denying Smith access to packages, "money mailouts," the bare necessities of life, and the right to hire an attorney of his choice. The crux of this claim seems to be that the trust office supervisor is mismanaging Smith's funds. This claim is not cognizable because, as discussed in the Court's original order dismissing Smith's complaint with leave to amend, deprivation of property, even if intentional, does not state a due process violation. *See* Doc. no. 16 at 2.

### 3. Third Claim

The complaint also alleges that the members of the Classification Committee have interfered with rights of "detainees and convicted inmates" by restricting movement between modules, "over-crowdedness, law library, the commissary, receipt of packages, use of typewriter, social and attorney visitations, telephone services, inmate presence during random searches, incoming mail and transfer." Smith was informed in the Court's two previous Orders that, to state a cognizable claim, he must show liability by alleging that each defendant undertook an affirmative act, participated in another's affirmative act or omitted to perform an act which he was legally required to do, that caused the alleged constitutional violation. This general and conclusory allegation fails to remedy the deficiencies noted by the Court in its two previous

4

1  orders.  Therefore, this claim is dismissed.

**B. Second Amended Complaint No. 2, Docket no. 18**

This complaint asserts only one claim against the members of the "National Labor Relations Act."  Presumably Smith intended to bring a claim against the National Labor Relations Board, and the Court construes the complaint as such.  The complaint alleges that defendants "filed charter 33 in violations [sic] of the First Amendment rights in the freedom of trade in ideas, free trade in the opportunity to persuade to action, and merely to and to describe facts [sic].  The registration requirement as applied under NLRA as applied to my activities was and is unconstitutionally invalid, Charter 33 violates Due Process by unduly prohibiting protected freedom of expression."

This claim has many problems.  The most notable is that, even if Smith could assert a claim against members of the National Labor Relations Board, he fails to allege how members of this organization or charter 33 violated his First Amendment rights.  This claim is dismissed for failure to state a claim upon which relief could be granted.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The claims in Smith's two amended complaints are dismissed.  Dismissal is without leave to amend because Smith has been given three opportunities to state cognizable claims and he has failed to do so.  However, dismissal under section 1915A(a) is without prejudice to filing a paid complaint.

2. The Clerk shall enter a separate judgment and close this case.

**IT IS SO ORDERED.**

Dated: May 5, 2014

_____
VINCE CHHABRIA
United States District Judge